\

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: DITROPAN XL ANTITRUST
LITIGATION

CASE NO.  M:06-CV-01761-JSW

MDL No. 1761

This Order Relates to:

    ALL CASES

**AMENDED PRETRIAL ORDER
NO. 1: PRACTICE AND
PROCEDURE ORDER UPON
TRANSFER**

_____/

    1.    SCOPE OF ORDER:  This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("the Panel") pursuant to its Transfer Order of April 24, 2006, any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

    2.    CONSOLIDATION:  The actions described in paragraph 1 of this Order are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that this actions should be consolidated for trial, nor does it have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.  If any action is filed in, removed to, or transferred to this

**United States District Court**

For the Northern District of California

1    Court after the date of this Order, the existing parties shall meet and confer and

2    promptly inform the Court whether the new action is an indirect or direct purchaser action and

3    whether the new action should be consolidated for all purposes with the Indirect Purchaser

4    Action or the Direct Purchaser Action described below.

5              a.    The "Indirect Purchaser" actions pending in this Court are hereby

6    consolidated for *all purposes* pursuant to Federal Rule of Civil Procedure 42(a).  The

7    consolidated Indirect Purchaser actions, together with all other Indirect Purchaser actions that

8    may subsequently be coordinated or consolidated pursuant to the provisions of this Order, shall

9    be collectively referred to as the "Indirect Purchaser Action."

10             b.    The "Direct Purchaser" actions pending in this Court are hereby

11   consolidated for *all purposes* pursuant to Federal Rule of Civil Procedure 42(a).  The

12   consolidated Direct Purchaser actions, together with all other Direct Purchaser actions that may

13   subsequently be coordinated or consolidated pursuant to the provisions of this Order, shall be

14   collectively referred to as the "Direct Purchaser Action."

15        3.    GUIDELINES:  The Court will be guided by the *Manual for Complex Litigation,*

16   *Fourth* ("MCL 4th") (2004 ed.), as well as by the Civil Local Rules of Court for the United

17   States District Court for the Northern District of California ("the Civil Local Rules") and this

18   Court's Standing Orders.  Counsel are directed to familiarize themselves with the MCL 4th, the

19   Civil Local Rules, and this Court's Standing Orders.

20        4.    MASTER DOCKET FILE: The Clerk of the Court will maintain a master docket

21   case file under the style "In re Ditropan XL Antitrust Litigation" and the identification "MDL

22   No. 1761."  When a pleading is intended to apply to all actions, this shall be indicated by the

23   words: "This Document Relates to All Cases."  When a pleading is intended to apply to just the

24   Indirect Purchaser Action or the Direct Purchaser Action, either "Indirect Purchaser Action" or

25   the "Direct Purchaser Action" shall appear immediately after the words "This Document Relates

26   to."

27        5.    FILING: This case is subject to Electronic Case Filing ("ECF"), pursuant to

28   General Order 45, Section VI of which requires that all documents in such a case be filed

electronically.  General Order 45 provides at Section IV (A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF."  If he or she has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password.  Forms and instructions can be found on the Court's Website at ecf.cand.uscourts.gov.

All documents shall be e-filed in the master file, 06-1761.  Documents that pertain to only the "Indirect Purchaser Action" or the "Direct Purchaser Action" shall *also* be e-filed in the respective consolidated action to which the document pertains.

6.    DOCKETING NEW CASES: When an action that properly belongs as part of "In re Ditropan XL Antitrust Litigation" is filed after the date of this Order in the Northern District of California or is transferred here from another court, the Clerk of this Court shall:

a.    File a copy of this Order in the separate file for such action;

b.    Make an appropriate entry on the master docket sheet;

c.    Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

d.    Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

7.    ORGANIZATION OF COUNSEL AND CASES:

a.    The cases consolidated into the Indirect Purchaser Action are listed in Schedule A.  Schedule A shall be amended to include any action(s) brought on behalf of a proposed class of indirect purchasers of Ditropan XL subsequently filed in, or transferred to, this Court.

b.    The cases consolidated into the Direct Purchaser Action are listed in Schedule B.  Schedule B shall be amended to include any action(s) brought on behalf of a proposed class of direct purchasers of Ditropan XL subsequently filed in, or transferred to, this Court.

**United States District Court**

For the Northern District of California

c.      Pursuant to the Manual for Complex Litigation, appointment of Lead

Counsel is appropriate for the prompt and efficient resolution of this litigation.  Accordingly, the

Court appoints the following counsel:

i)      The Court designates the following attorneys to act as Co-Lead

Counsel on behalf of all plaintiffs in the consolidated Indirect Purchaser Action, with all the

responsibilities hereinafter described:

> Timothy J. Becker
> Zimmerman Reed, PLLP
> 651 Nicollet Mall
> Suite 501
> Minneapolis, MN 55402

> Kenneth A. Wexler
> Wexler Toriseva Wallace LLP
> One North LaSalle Street
> Suite 2000
> Chicago, IL 60602

> Jeffrey Kodroff
> Spector, Roseman & Kodroff, P.C.
> 1818 Market Street, Suite 2500
> Philadelphia, PA 19103

ii)      The Court designates the following attorneys to act as Co-Lead

Counsel on behalf of all plaintiffs in the consolidated Direct Purchaser Action, with all the

responsibilities hereinafter described:

> Tomas Sobol
> Hagens Berman Sobol Shapiro LLP
> One Main Street
> 4th Floor
> Cambridge, MA 02142

> Dianne M. Nast
> Roda Nast, P.C.
> 801 Estelle Drive
> Lancaster, PA 17601

d.      Co-Lead Counsel in the Indirect Purchaser Action and the Direct

Purchaser Action, working together in a coordinated fashion, shall have sole authority over the

following matters on behalf of all plaintiffs in the In re Ditropan XL Antitrust Litigation: (1) the

scope, order and conduct of all discovery proceedings; and (2) designation of which attorneys

may appear at hearings and conferences with the Court.

4

**United States District Court**

For the Northern District of California

1    e.    Co-Lead Counsel in the Indirect Purchaser Action and the Direct

2    Purchaser Action shall have the following responsibilities and duties, to be carried out either

3    personally or through designated counsel, with respect to the specific actions for which they are

4    Co-Lead Counsel: (1) to initiate, brief and argue motions and prepare, serve and file opposing

5    briefs in proceedings initiated by other parties; (2) to coordinate plaintiffs' pretrial activities and

6    plan for trial; (3) to negotiate with defense counsel with respect to settlement and other matters;

7    (4) to call meetings of plaintiffs' counsel when appropriate; (5) to conduct all pre-trial and post-

8    trial proceedings; (6) to consult with and employ experts; (7) to require counsel to keep a daily

9    record of time spent and expenses incurred in connection with this litigation and to serve at least

10   bi-monthly on Co-Lead Counsel reports setting forth time and expenses, billing rates and such

11   other pertinent data as may be required by Co-Lead Counsel; (8) to perform such other duties

12   and undertake such other responsibilities as they deem necessary or desirable in connection with

13   the prosecution of their respective actions; and (9) to coordinate and communicate with

14   plaintiffs' and defendants' counsel and the Court, with respect to matters addressed in this

15   paragraph.

16   f.    No substantive motion, request for discovery, or other pretrial

17   proceedings shall be initiated or filed by a plaintiff except through Co-Lead Counsel in the

18   Indirect Purchaser Action or the Direct Purchaser Action, or with leave of Court.

19   8.    DISCOVERY:  Pending the initial conference and further orders of this Court, all

20   outstanding discovery proceedings are stayed and no further discovery shall be initiated.  The

21   Court appoints the following firm as Chair of Discovery for the Indirect Purchaser Action who

22   shall be responsible, together will all Indirect Purchaser Co-Lead Counsel, for all obligations set

23   forth in the Manual for Complex Litigation related to the effective coordination of discovery in

24   this Coordinated Action and also as the document repository for Indirect Purchaser Plaintiffs:

25          Jason J. Thompson
            Charfoos & Christensen, P.C.
26          5510 Woodward Avenue
            Detroit, MI 48202
27

28   9.    APPEARANCES: Counsel who appeared in a transferor court prior to transfer

     need not enter an additional appearance before this Court.  Moreover, attorneys admitted to

practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of the Northern District of California Local Rule 11-3 are waived.  Association of local counsel is not required.

10.    INITIAL CASE MANAGEMENT CONFERENCE: Matters relating to pretrial and discovery proceedings in this cases will be addressed at an initial Case Management Conference to be held on Friday, October 27, 2006 at 1:30 p.m. before Judge Jeffrey S. White in Courtroom 2, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  Counsel shall be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.  In particular, Defendants and Co-Lead Counsel in the Indirect Purchaser Action and the Direct Purchaser Action shall meet and confer and work in good faith to address the following issues and either make an agreed-upon proposal to the Court or be in a position to identify areas of agreement and disagreement:

    a.    timing for filing consolidated amended complaints in the Indirect Purchaser Action;

    b.    timing for Defendants' responses to the consolidated amended complaints in both the Indirect Purchaser Action and the Direct Purchaser Action;

    c.    the scope and timing of discovery;

    d.    dispositive motion procedures and schedule;

    e.    a proposed protective order; and

    f.    other issues that may affect the efficient progress and resolution of these actions.

The parties shall submit to the Court by Friday, October 20, 2006, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues, as well as a summary of the parties' positions on the items

///
///
///
///

United States District Court
For the Northern District of California

listed above.  These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

**IT IS SO ORDERED.**

Dated: September 11, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

**Schedule A**
(Indirect Purchaser Action)

1. *City of Fargo Health Trust Fund. v. Alza Corp.*, No. C05-04684 JSW

2. *Local 28 Sheet Metal Workers v. Alza Corp.*, No. C05-04758 JSW

3. *United Food and Commercial Workers Union and Employers Midwest Health Benefits Fund v. Alza Corp.*, No. C06-00314 JSW

4. *Plumbers and Pipefitters Local 572 Health and Welfare Fund v. Alza Corp.*, No C06-01074 JSW

5. *Teamserters Local No. 35 Health Plan v. Alza Corp.*, No. C06-1362 JSW

6. *Jabo's Pharmacy, Inc. v. Johnson & Johson, et al.*, No C06-2930

United States District Court

For the Northern District of California

8

**Schedule B**
(Direct Purchaser Action)

1.    *American Sales Co., Inc. v. Alza Corp.*, No. C06-02937 JSW

2.    *SAJ Distributors, Inc., et al. v. Alza Corp.*, No. C06-03760 JSW

United States District Court

For the Northern District of California

9